# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60410
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2016

Lyle W. Cayce
Clerk

ONESIMO CONTRERAS-GONZALEZ,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 073 996

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Onesimo Contreras-Gonzalez, a citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the decision of the immigration judge (IJ) denying his application for withholding of removal. He had argued that he had a credible fear of future persecution based on his membership in a particular social group. Because Contreras has not challenged the BIA's conclusion that he was not entitled to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60410

relief under the Convention Against Torture, any such claims are abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

On appeal, Contreras argues that he presented evidence showing that his brothers had been robbed and assaulted in Mexico and that such conduct was attributable to cartel members. He maintains that his family constitutes a particular social group and that he faces persecution on his return to Mexico based on his family relationship with individuals who were targeted by cartels.

We generally review only the BIA's decision, although we will consider the IJ's underlying opinion to the extent it influenced the BIA. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). We review the BIA's legal conclusions *de novo* and its findings of fact for substantial evidence. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). Under that standard, the applicant must establish "that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

An applicant for withholding of removal must establish that it is "more likely than not" that his life or freedom would be threatened by persecution on account of a protected status, including membership in a particular social group. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). The evidence presented does not establish that all reasonable factfinders would conclude that Contreras will more likely than not be persecuted based on his membership in a particular social group if he returns to Mexico. *See Orellana-Monson v. Holder*, 685 F.3d 511, 521–22 (5th Cir. 2012); *Chen*, 470 F.3d at 1134; *Roy*, 389 F.3d at 138. Accordingly, the BIA did not err in dismissing the administrative appeal. *See Roy*, 389 F.3d at 138.

The petition for review is DENIED.